PW:SLD

# M05-1057

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -                          C O M P L A I N T

ANTONIO BRIGLIO,                     (T. 21, U.S.C., § 841(a)(1))

        Defendant.

- - - - - - - - - - - - - - - X

EASTERN DISTRICT OF NEW YORK, SS:

      EDWARD PIESZCHATA, being duly sworn, deposes and states that he is a Special Agent with the Drug Enforcement Administration (the "DEA") duly appointed according to law and acting as such.

      Upon information and belief, on or about August 16, 2005, within the Eastern District of New York and elsewhere, the defendant ANTONIO BRIGLIO did knowingly and intentionally possess with intent to distribute a substance containing cocaine, a Schedule II controlled substance, in an amount of five hundred grams or more, and marijuana, a Schedule I controlled substance, in an amount of fifty kilograms or more.

      (Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B)(ii)(II) and 841(b)(1)(C); Title 18, United States Code, Sections 3551 et seq.)

      The source of your deponent's information and the

1

grounds for his belief are as follows:[1]/

      1.   I have been with the DEA for approximately eight months, and assigned to the New York Drug Enforcement Task Force (the "Task Force") for that time.  The Task Force is a collaborative investigative body comprised of federal and state law enforcement officers, including officers of the DEA, New York State Police and the New York City Police Departments.  Through my work with the DEA and the Task Force, I have participated in narcotics trafficking investigations, during the course of which I have conducted or participated in surveillance, execution of search warrants, debriefings of informants and reviews of taped conversations and records.  Through my training, education and experience, I have become familiar with the manner in which narcotics are distributed and the efforts of persons involved in such activity to avoid detection by law enforcement.

      2.   The facts set forth in this affidavit are based in part on information that I have learned from review of written documents prepared by, and conversations with, members of the DEA and other law enforcement agencies.  Furthermore, with respect to the portions of this affidavit that describe surveillance, all surveillance was conducted by officers assigned to the Task Force.  The observations of the involved law enforcement officers

_____

[1]/    Because the purpose of this affidavit is to state only probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

2

have been related to me to supplement the activities that I
personally observed.

3.    On August 16, 2005, law enforcement officers
established surveillance in the neighborhood of 21st Street and
5th Avenue, Brooklyn, New York.

4.    At approximately 6:30 a.m., law enforcement
officers observed the defendant ANTONIO BRIGLIO moving large
plastic garbage bags from both a vehicle and a building to a
black 2005 Cheverolet Suburban (the "Suburban").

5.    At approximately 8:10 a.m., the defendant ANTONIO
BRIGLIO was observered by law enforcement officers entering the
Suburban and driving to 9th Street and 4th Avenue.  Once there,
the defendant BRIGLIO double-parked the Suburban and exited the
vehicle.

6.    A few minutes later, the defendant ANTONIO BRIGLIO
was seen waiving down another vehicle, a blue Cadillac.  After a
time, the Cadillac moved behind the Suburban.  Once the Cadillac
had parked, the driver exited his vehicle and approached the
defendant BRIGLIO.

7.    At that time, law enforcement officers observed
the defendant ANTONIO BRIGLIO open the back of the Suburban,
remove a large plastic garbage bag from inside and place it into
the trunk of the Cadillac.

8.    After observing the defendant ANTONIO BRIGLIO

3

placing a bag into the trunk of the Cadillac, law enforcement officers approached the defendant BRIGLIO and asked for his identification.

9.    The defendant ANTONIO BRIGLIO returned to the Suburban and opened the driver's side door to retreive his wallet.  Once the door to the Suburban was opened, a law enforcement officer at the scene recognized the strong odor of marijuna coming from inside the vehicle.  The defendant BRIGLIO was then placed under arrest.

9.    A subsequent search of the Suburban by law enforcement officers recovered approximately 77 kilograms of marijuana and 1 kilogram of a white powdery substance that field-tested positive for the presence of cocaine.

10.    The defendant was later advised of his <u>Miranda</u> rights and agreed to speak with law enforcement.  In sum and

substance, the defendant admitted to being in possession of marijuana and cocaine and that he intended to sell it.

WHEREFORE, your deponent respectfully requests that the defendant ANTONIO BRIGLIO be dealt with according to law.

Edward Pieszchata
Special Agent, DEA

Sworn to before me this
17th day of August 2005


UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK